# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FREDRICT SANDERS,
    Plaintiff,

v.                                                         Case No. 15-CV-284

NP BOWEN,
J. BARKER,
OSHKOSH CORRECTIONAL STAFF, and
JOHN AND JANE DOES, Medical Staff Members,
    Defendants,

## DECISION AND ORDER

Plaintiff, Fredrict Sanders, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that he is receiving inadequate medical care. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $16.00. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled

to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v.

2

Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

On May 4, 2014, plaintiff filed a health services request regarding lumps on his chest that were hard and painful to touch. Plaintiff underwent diagnostic testing, which revealed that the lumps were likely due to prescription medication plaintiff was taking. The exhibits attached to plaintiff's complaint reveal that defendant Nurse Practitioner Bowen prescribed pain medication for plaintiff, but it only works sometimes. He still has breasts, and the lumps are not being treated. Plaintiff asserts that defendant Health Services Unit Assistant Manager J. Barker has refused to provide additional treatment.

The Eighth Amendment imposes a duty on states to provide medical care to prisoners. Estelle, 429 U.S. at 103. Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. Id. at 104, 97 S.Ct. 285. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)). An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." See Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000) (internal quotation and citation omitted).

A plaintiff may plead himself out of court by revealing in his complaint facts that defeat his claim, and disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim. See Edwards v. Snyder, 478 F.3d 827,

3

830-31 (7th Cir. 2007); Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). However, not every acknowledgment of having received some medical care will defeat a claim of deliberate indifference. See Edwards, 478 F.3d at 831.

In this case, plaintiff has alleged personal involvement by Bowen and Barker regarding the treatment he is receiving and the denial of additional treatment. He may proceed on Eighth Amendment claims against these defendants regarding the denial of additional medical treatment for his painful lumps and the breasts he has developed due to prescribed medication.

Plaintiff may not, however, proceed on claims against defendants collectively named as Oshkosh Correctional Staff and John and Jane Does, Medical Staff Members. His complaint contains no allegations of personal involvement by anyone other than Bowen and Barker. See Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983.). If discovery reveals that additional individuals were personally involved in the decision not to provide him treatment other than pain medication, he may seek leave to amend to include those individuals at a later time.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following are **DISMISSED** as defendants in this action: Oshkosh Correctional Staff and John and Jane Does, Medical Staff Members.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint

4

and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: N.P. Bowen and J. Barker.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $334.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the

defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge